IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Brandyn Moyer | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. _____ |
| | : | |
| Wawa, Inc. | : | |
| | : | |
| Defendant. | : | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331 and 1441, defendant, Wawa, Inc. ("Wawa" or

"defendant") by its undersigned counsel, hereby removes this action, with an express reservation

of all defenses, including jurisdictional defenses, from the Court of Common Pleas of

Northampton County, Pennsylvania, to the United States District Court for the Eastern District of

Pennsylvania. In support thereof, defendant avers as follows:

      1.    On or about May 2, 2014, plaintiff, Brandyn Moyer ("plaintiff" or

"Moyer") commenced this action by filing a Complaint in the Northampton County Court of

Common Pleas of the Commonwealth of Pennsylvania, Docket No. 2014-4060 ("the

Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

      2.    Plaintiff served the Complaint on defendant on or about May 29, 2014.

This Notice of Removal is being filed within thirty (30) days after receipt of service of the

Complaint as required by 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL
FEDERAL QUESTION

3.　　A civil action for which a district court has original jurisdiction founded upon a claim or right arising under the laws of the United States shall be removable without regard to citizenship or residence of the parties.  28 U.S.C. § 1441(b).

4.　　The Complaint is properly removed because Count Three and the second Count Two of the Complaint seek to enforce claims or rights under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, a law of the United States.  *See* 28 U.S.C. §§ 1331, 1441(b).

5.　　The Complaint is also properly removed because the district court has supplemental jurisdiction over Counts One and Two of the Complaint, which seek to enforce claims or rights under the Pennsylvania Human Relations Act, 43 Pa. C.S. § 951 *et seq.* and are so related to claims brought pursuant to the Americans with Disabilities Act, such that that they form part of the same case or controversy.  *See* 28 U.S.C. § 1367.

6.　　Venue is proper under 28 U.S.C. § 1441(a) because the United States Court for the Eastern District of Pennsylvania is the federal district embracing the Northampton County Court of Common Pleas.

7.　　This Notice is timely, as it is being filed fewer than thirty (30) days after service of the Complaint.  *See* 28 U.S.C. 1446(b).

8.　　A copy of this Notice will be filed with the Northampton County Court of Common Pleas as required by 28 U.S.C. § 1446(d).

-2-

9.     A copy of this Notice will be served upon plaintiff, as required by 28

U.S.C. § 1446(d).

WHEREFORE, Wawa hereby removes this action from the Northampton County

Court of Common Pleas of the Commonwealth of Pennsylvania to the United States District

Court for the Eastern District of Pennsylvania.  That Court shall proceed no further unless and

until the case is remanded.

Respectfully submitted,

Susan K. Lessack (I.D. 53170)
Kali T. Wellington-James (I.D. 3067810)
PEPPER HAMILTON LLP
400 Berwyn Park
899 Cassatt Road
Berwyn, PA  19312-1183
610.640.7800

Counsel for Defendant, Wawa, Inc.

Dated: June 16, 2014

#27032794 v1

# EXHIBIT A

MESHKOV & BRESLIN
Adam D. Meshkov, Esquire
Attorney I.D. No.: 94856
830 Lehigh Street
Easton, PA 18042
(T) 610-438-6300 / (F) 610-438-6304                    *Attorney for Plaintiff*

---

| | | |
|---|---|---|
| BRANDYN MOYER | : | COURT OF COMMON PLEAS |
| | : | NORTHAMPTON COUNTY |
|          Plaintiff | : | |
| | : | |
|      vs. | : | |
| | : | CIVIL DIVISION - LAW |
| WAWA, INC. | : | |
| | : | No.: *CV-2014-4060* |
| | : | |
|          Defendant | : | |

---

## <u>NOTICE TO PLEAD/NOTICE TO DEFEND</u>

**You have been sued in Court.**  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.

You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiffs.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Northampton County Bar Association
155 South 9th Street
Easton, PA 18042
(610)-258-6333

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

_Northampton_ County

| For Prothonotary Use Only: | TIME STAMP |
|---|---|
| Docket No: CV-2014-4000 | |

_The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court._

## SECTION A

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Brandyn Moyer | Wawlos, Inc. |

Are money damages requested? [X] Yes [ ] No

Dollar Amount Requested:
(check one)
- [ ] within arbitration limits
- [X] outside arbitration limits

Is this a _Class Action Suit_? [ ] Yes [X] No        Is this an _MDJ Appeal_? [ ] Yes [X] No

Name of Plaintiff/Appellant's Attorney: _Adam D. Meshkov_

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your _PRIMARY CASE._ If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (does not include mass tort)
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** (do not include Judgments)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [X] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

_Updated 1/1/2011_

MESHKOV & BRESLIN
Adam D. Meshkov, Esquire
Attorney I.D. No.: 94856
830 Lehigh Street
Easton, PA 18042
(T) 610-438-6300 / (F) 610-438-6304

COPY - I HEREBY CERTIFY
THAT THE WITHIN IS A TRUE
AND CORRECT COPY OF THE
ORIGINAL _____

*Attorney for Plaintiff*

---

| | | |
|---|---|---|
| BRANDYN MOYER<br>756 Pine Street<br>Emmaus, PA  18049 | : | COURT OF COMMON PLEAS<br>NORTHAMPTON COUNTY |
| | : | |
| | : | JURY TRIAL DEMANDED |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | CIVIL DIVISION - LAW |
| WAWA, INC.<br>Red Roof, Baltimore Pike<br>Wawa, PA  19063 | : | |
| | : | No.: C1-2004-4060 |
| Defendant | : | |

---

## COMPLAINT – CIVIL ACTION

Plaintiff, BRANDYN MOYER by and through his undersigned counsel, hereby brings this Complaint against Defendant, WAWA, INC., and in support thereof avers as follows:

1.     Plaintiff, Brandyn Moyer, is a Caucasian male with a disability.

2.     Defendant, Wawa, Inc., is upon information and belief, a registered business organization authorized to do business in the Commonwealth of Pennsylvania which employs an excess of five-hundred (500) employees

3.     Plaintiff began working for Defendant in March 2007 in the position of Assistant General Manager at one if its store locations in the Lehigh Valley.

4.      During his employment, Plaintiff met and/or exceeded all performance objectives and requirements and was well regarded by his managers and colleagues alike.

5.      On or about October 28, 2007, Plaintiff was involved in a car accident causing him to experience severe injuries to his left knee and leg, including a torn meniscus and neuropathy and nerve damage which resulted in a period of total disability from the date of the accident until December 2008, at which time Plaintiff returned to work.

6.      Upon his return, Plaintiff continued to require medical treatment for his injuries including physical rehabilitation several times a week.

7.      Defendant was aware of this fact.

8.      From the time of his return to work, Plaintiff was assigned to several different store locations in the Lehigh Valley.

9.      The last store that Plaintiff worked at was located in Easton on College Hill in Northampton County.

10.     Soon after being transferred to this store location in or about October 2010, Plaintiff began to encounter difficulty receiving from Defendant the time he needed to make medical appointments connected to the rehabilitation of his left knee and leg stemming from the car accident described above.

11.     In or about October 2010 and for the next several months, Plaintiff informed Defendant through his General Manager, Huzeife Kitwaball, his Area Manager, Peter Rasmussen, and his Area Lead Manager, Jennifer Larmaour, that he needed greater flexibility in his schedule to make his physical rehabilitation appointments.

12.     Despite repeated attempts to receive appropriate and needed reasonable accommodations in the form of schedule flexibility to receive needed medical care, Plaintiff's requests were either minimized or ignored by Defendant.

13.     As a result, Plaintiff did not make his physical rehabilitation appointments and the pain caused by his injuries increased, of which his managers and co-workers were also aware.

14.     In March 2011, Plaintiff's employment was terminated due to what Defendant wrongly characterized as "gross neglect" based on one incident involving one of Plaintiff's co-workers.

15.     Specifically, Plaintiff witnessed a co-worker give away a cup of coffee to one of his friends.

16.     Plaintiff immediately addressed this issue with the co-worker who had no history of register-related problems and elected not to terminate pending his discussing what had transpired with his General Manager, Huzeife Kitwaball.

17.     Plaintiff also emailed both his Area Manager, Manager, Peter Rasmussen, and his Area Lead Manager, Jennifer Larmaour, so that they were aware of the situation.

18.     Plaintiff was not in fact terminated until several days after his report was made.

## COUNT ONE

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## 43 Pa. C.S. § 951 *et seq.* – DISABILITY DISCRIMINATION

19.     Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

20.     Plaintiff is an individual with a disability under the PHRA.

21.     Defendant's failure to engage in the interactive process and refusal to provide or

3

allow any reasonable accommodation to Plaintiff which would have permitted him to perform his job constitutes discrimination in violation of the PHRA.

22.     Defendant's termination of Plaintiff's employment was motivated and caused by his having a disability.

WHEREFORE, Plaintiff requests damages in the form of lost wages (backpay), anticipated lost wages (frontpay), emotional distress, mental anguish, pain and suffering, humiliation, loss of the enjoyment of life, reasonable attorneys' fees and costs, punitive damages, if applicable, and all such other relief as this Court deems just, equitable and proper.

## COUNT TWO

### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### 43 Pa. C.S. § 951 *et seq.* – RETALIATION

23.     Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

24.     Plaintiff engaged in protected activity by requesting a reasonable accommodation and furnished medical documentation to support that request.

25.     Defendant's refusal to engage in the interactive process or to provide or allow a reasonable accommodation constitutes retaliation in violation of the PHRA.

26.     Defendant's termination of Plaintiff's employment was motivated and caused by his requests for a reasonable accommodation.

WHEREFORE, Plaintiff requests damages in the form of lost wages (backpay), anticipated lost wages (frontpay), emotional distress, mental anguish, pain and suffering, humiliation, loss of the enjoyment of life, reasonable attorneys' fees and costs, punitive

damages, if applicable, and all such other relief as this Court deems just, equitable and proper.

## COUNT THREE

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### U.S.C. § 12101 *et seq.* – DISABILITY DISCRIMINATION

27.     Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

28.     Plaintiff is an individual with a disability under the PHRA.

29.     Defendant's failure to engage in the interactive process and refusal to provide or allow any reasonable accommodation to Plaintiff which would have permitted him to perform his job constitutes discrimination in violation of the PHRA.

30.     Defendant's termination of Plaintiff's employment was motivated and caused by his having a disability.


        WHEREFORE, Plaintiff requests damages in the form of lost wages (backpay), anticipated lost wages (frontpay), emotional distress, mental anguish, pain and suffering, humiliation, loss of the enjoyment of life, reasonable attorneys' fees and costs, punitive damages, if applicable, and all such other relief as this Court deems just, equitable and proper.

## COUNT TWO

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### U.S.C. § 12101 *et seq.* – RETALIATION

31.     Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

32.     Plaintiff engaged in protected activity by requesting a reasonable accommodation and furnished medical documentation to support that request.

33.     Defendant's refusal to engage in the interactive process or to provide or allow a reasonable accommodation constitutes retaliation in violation of the PHRA.

34.     Defendant's termination of Plaintiff's employment was motivated and caused by his having a disability.

WHEREFORE, Plaintiff requests damages in the form of lost wages (backpay), anticipated lost wages (frontpay), emotional distress, mental anguish, pain and suffering, humiliation, loss of the enjoyment of life, reasonable attorneys' fees and costs, punitive damages, if applicable, and all such other relief as this Court deems just, equitable and proper.

MESHKOV & BRESLIN

By: _____
        ADAM D. MESHKOV, ESQUIRE
        *Attorney for Plaintiff*

Date: 9/2/14

6

## VERIFICATION

I, BRANDYN MOYER, hereby verify and that all facts and statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. The language is that of my attorney. The facts have been supplied by me. I understand that the statements made therein are subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

BRANDYN MOYER

Date: 4-22-14

## CERTIFICATE OF SERVICE

I, Kali T. Wellington-James, hereby certify that on June 16, 2014 a true and

correct copy of the foregoing Notice of Removal was served via U.S. Mail, postage prepaid upon

the following:

      Meshkov & Breslin
      Adam D. Meshkov, Esquire
      Attorney I.D. No. 94856
      830 Lehigh Street
      Easton, PA 18042

KALI T. WELLINGTON-JAMES